UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO GENERAL INSURANCE COMPANY
as subrogee of WALTER SWAN,

     Plaintiff,

v.                              Case No. 8:19-cv-00240-CEH-CPT

HERTZ VEHICLES LLC and
THE UNITED STATES OF AMERICA,

     Defendants.
_____/

## DEFENDANT UNITED STATES OF AMERICA'S
## UNOPPOSED MOTION TO DISMISS AND MEMORANDUM OF LAW

Because Plaintiff did not exhaust its administrative remedies by presenting an administrative tort claim to the United States Coast Guard ("Coast Guard") within two years from the date of the alleged accident, the United States of America hereby respectfully moves to dismiss Plaintiff's complaint as to the United States, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Counsel for Plaintiff has indicated that Plaintiff does not oppose the relief sought herein. The grounds for these requests are set forth below.

## MEMORANDUM OF LAW

### I.  Procedural and Factual Background

Plaintiff, Geico General Insurance Company, as subrogee of Walter Swan, filed a complaint in the Sixth Judicial Circuit Court for Pinellas County, Florida (Case No. 18-007916-CI), against Hertz Vehicles LLC and John Robert Taylor.  The United States timely removed the case to this Court on January 30, 2019, stating that John Robert Taylor was on active duty as a Lieutenant Commander (LCDR) in the Coast Guard and acting within the scope of his duties at all times pertinent to this action.  (Doc. #1).

Upon removal, the United States moved to dismiss LCDR Taylor as a defendant and to substitute itself in his place.  (Doc. #6).  The United States Attorney for the Middle District of Florida, Maria Chapa Lopez, certified that: (1) LCDR Taylor was an employee of the United States of America with respect to the actions or omissions that are the subject of this civil action, and (2) LCDR Taylor was acting within the scope of his employment with the United States at the time of the alleged incidents from which Plaintiff's purported claim arose.  (Doc. #6, Ex. A). On February 11, 2019, the Court granted the motion, dismissing LCDR Taylor from the action and substituting the United States as a defendant in his place.  (Doc. #13). The Court further extended the time for the United States to file an answer or

2

otherwise respond to Plaintiff's complaint until March 13, 2019.  (Doc. #12).  The United States now moves to dismiss the complaint with prejudice.

In its complaint, Plaintiff alleged that on November 8, 2013, LCDR Taylor operated a Hertz-owned rental vehicle in a negligent manner, causing it to collide with a vehicle operated by its insured, Walter Swan (hereinafter "Mr. Swan"). (Compl. at ¶¶ 4-5).  As a result of this collision, Plaintiff alleged that Mr. Swan suffered bodily injuries.  (*Id.* at ¶ 5).  Plaintiff further averred that it paid Mr. Swan $28,500.00 in damages under its policy's uninsured motorist coverage.  (*Id.* at ¶ 9). Consequently, Plaintiff asserts that it is entitled to subrogation in that amount from the Defendants.  (*Id.* at ¶¶ 9-10).  Finally, the complaint alleges that "all conditions precedent to this action have occurred, been met or been waived."  (*Id.* at ¶ 11).

## II.    Legal Standard

Plaintiff bears the burden of establishing the district court's jurisdiction.  *See Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010).  In moving to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), a defendant may attack the complaint facially or it may mount a factual challenge.  *See McElmurray v. Consol. Gov't of Augusta-Ricmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his Complaint are taken as true for the purposes of the motion."  *Lawrence v. Dunbar*, 919

3

F.2d 1525, 1529 (11th Cir. 1990) (citation omitted) (alterations in original).  By contrast, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*  In considering a factual challenge to subject matter jurisdiction, there is no presumption of truth with respect to the allegations in the Complaint, and, in fact, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (citations and quotations omitted).

It is a well-established principle that an FTCA plaintiff's failure to exhaust his administrative remedies deprives the federal district court of jurisdiction to hear his claims.  *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016); *Chapman v. U.S. Postal Serv.*, 442 F. App'x. 480, 485 (11th Cir. 2011); *see also Barnhill v. Terrell*, 616 F. App'x 23, 25 & n.1 (2d Cir. 2015) (summary order); *Porton v. United States*, No. 2:17-CV-415-FTM-29CM, 2018 WL 339938, at *3 (M.D. Fla. Jan. 9, 2018) ("[T]he exhaustion requirements are jurisdictional, and . . . the failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction.").

Furthermore, section 2401 of Title 28 sets forth the time period where, in pertinent part, a tort claim against the United States must be filed and provides that such claim "shall be forever barred unless it is presented in writing to the appropriate

federal agency within two years after such claim accrues."  28 U.S.C. § 2401(a).

Motions to dismiss based upon this time bar are reviewed under Rule 12(b)(6).[1]  *See*

*Harris v. United States*, 627 F. App'x 877, 879 (11th Cir. 2015), *cert. denied*, 136 S. Ct.

1831 (2016); *Morales-Melecio v. U.S. Dep't of Health and Human Servs.*, 890 F.3d 361,

367 (1st Cir. 2018).  When reviewing a Rule 12(b)(6) motion to dismiss for failure to

state a claim, a court must "accept[] the complaint's allegations as true and

constru[e] them in the light most favorable to the plaintiff."  *Harris*, 627 F. App'x at

879 (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)); *see also*

*Caldwell v. U.S. Dep't of Veterans Admin.*, No. 8:14-CV-2708-T-33, 2015 WL 2356021,

at *6 (M.D. Fla. May 15, 2015), *aff'd sub nom.* 646 F. App'x 842 (11th Cir. 2016).

However, "[f]actual allegations must be enough to raise a right to relief above the

speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955

(2007). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"If a plaintiff fails to make sufficient allegations in his complaint such that an

affirmative defense appears on its face, his complaint may be subject to dismissal

under Rule 12(b)(6)."  *Singleton v. Dep't of Corr.*, 277 F. App'x 921, 923 (11th Cir.

---

[1]The Supreme Court has clarified that this deadline is no longer jurisdictional, as federal courts may determine that equitable tolling applies.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).  The Supreme Court cautioned in *Kwai Fun Wong* that equitable tolling is only appropriate when "a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." 135 S. Ct. at 1631 (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).

5

2008) (citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 921 (2007)); *accord Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim."). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1229 (11th Cir. 2016) (citing *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013)).

## III.   <u>Legal Argument</u>

This action should be dismissed with prejudice as to the United States because Plaintiff's complaint is devoid of any allegation or factual basis showing that it presented an administrative claim to the Coast Guard in a timely manner as required under section 2401. Nor should this Court allow Plaintiff the opportunity to amend its complaint because (1) such an amendment would be futile and (2) the doctrine of equitable tolling does not apply. We shall address each issue in turn.

A. <u>Dismissal of the complaint as to the United States is warranted because Plaintiff failed to exhaust its administrative remedies prior to filing suit.</u>

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") waives sovereign immunity and offers the exclusive remedy for tort claims against the United States for money damages that allege personal

6

injury caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his employment. *See Harris*, 627 F. App'x at 879. In this case, Plaintiff seeks recovery of $28,500 in damages paid to Mr. Swan for "bodily injuries" that were allegedly caused by the negligence of LCDR Taylor.

To maintain such a tort action against the United States, the FTCA establishes that a plaintiff must first exhaust its administrative remedies. *See Rease v. Harvey*, 238 F. App'x 492, 495 (11th Cir. 2007) ("The [FTCA] provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." (quoting *McNeil v. United States*, 508 U.S. 106, 107 (1993))). More specifically, a tort claim against the United States "shall be forever barred" unless (a) it is presented in writing to the appropriate federal agency within two years after the claim accrues or (b) it is brought to federal court within six months of final agency action on claim. *See* 28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015). In fact, section 2675 of the FTCA provides, in relevant part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall

> have been finally denied by the agency in writing and sent
> by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  A claimant under the FTCA presents notice

of the claim "when he or she (1) gives the agency written notice of his or her claim

sufficient to enable the agency to investigate and (2) places a value on his or her

claim." *Caldwell v. U.S. Dep't of Veterans Admin.*, No. 8:14-CV-2708-T-33, 2015 WL

2356021, at *6 (M.D. Fla. May 15, 2015) (quoting *Brown v. United States*, 838 F.2d

1157, 1159 (11th Cir. 1988)).

Here, the Court should dismiss Plaintiff's action against the United States

because Plaintiff failed to exhaust its administrative remedies as required by the

FTCA prior to filing suit.  As noted above, Plaintiff was required both to submit its

claim for bodily injuries in writing to the Coast Guard and to value its claim before

filing this suit in court.  However, on its face, the complaint does not allege that

either Plaintiff or, for that matter, Mr. Swan submitted such a claim to the Coast

Guard prior to filing suit.  At best, the complaint at paragraph 11 contains a mere

conclusory statement that "all conditions precedent to this action have occurred,

been met, or been waived."  However, such a threadbare recital does not meet

Plaintiff's burden to establish compliance with all the conditions required to bring a

claim under the FTCA.  *See Gibbs v. United States*, 865 F. Supp. 2d 1127, 1156 (M.D.

Fla. 2012) ("The burden is on the plaintiff to plead and prove compliance." (citing *In*

*re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987))).  Thus, the complaint is facially deficient and should be dismissed.

The complaint also lacks any factual basis establishing that either Geico or Mr. Swan ever exhausted its administrative remedies by submitting an administrative claim for bodily injuries to the Coast Guard.  Indeed, according to the sworn declaration of Ms. Susan Steiner of the Coast Guard's Legal Service Command (attached as Exhibit A), the agency has no record that either Plaintiff or anyone acting on Mr. Swan's behalf, presented an administrative claim to the Coast Guard for bodily injury damages as a result of the accident with LCDR Taylor.  (Ex. A at ¶ 2).  And though the declaration references the fact that Geico corresponded with the Coast Guard to provide a repair estimate and photographs for property damage, the Coast Guard properly forwarded the repair estimate and photographs to Hertz on March 25, 2014.  (Ex. A ¶¶ 3-5).  Accordingly, under Rule 12(b)(1), the complaint should be dismissed based on Plaintiff's failure to allege or show that it submitted an administrative claim to the Coast Guard.

(1) <u>Allowing Plaintiff to amend its complaint would be futile because the statute of limitations has expired</u>.

"It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency *within two years after the claim accrues* and the lawsuit must be commenced within six months after the receipt of a final agency decision." *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis added).

9

"Federal law determines when a claim accrues under the FTCA." *Progressive Am.
Ins. Co. v. United States*, 913 F. Supp. 2d 1318, 1321 (M.D. Fla. 2012). "The general
rule is that a claim under the FTCA accrues at the time of injury." *Id.* at 1322
(quoting *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999)).

Here, the two-year time period to present a claim to the United States Coast
Guard is computed from the date of the motor vehicle accident (the time of the
injury), which is November 8, 2013. Thus, in order to be timely, either Geico or Mr.
Swan needed to submit its claim to the Coast Guard by November 8, 2015. As noted
above, both Geico and Mr. Swan failed to allege that any claim for bodily injuries
was presented to the Coast Guard by November 8, 2015. In fact, the sworn
declaration of Ms. Steiner establishes that neither Geico nor Mr. Swan ever
submitted a claim for bodily injuries to the Coast Guard. Accordingly, it would be
futile to allow Plaintiff an opportunity to amend its complaint because the time to file
a claim expired over three years ago.

Furthermore, the fact that Plaintiff is the subrogee of Mr. Swan does not
change the analysis. Though Plaintiff may contend that its cause of action to submit
an administrative claim to the applicable federal agency began to accrue when it paid
out the uninsured motorist benefits on November 14, 2017, such an argument would
fail. This Court, the Second Circuit, and Northern District of Florida have all ruled
that a subrogee (the insurer) remains obligated to bring its claim within two years

10

from the time of the subrogor's (the insured's) injuries.  Indeed, these courts have

reasoned that because a subrogee (Geico) stands in the shoes of the subrogor (Mr.

Swan), the subrogee, while entitled to all of the rights of the subrogor, must also

suffer all of the liabilities to which the subrogor would be subject.  *See Progressive*, 913

F. Supp. 2d at 1322-23 (holding that subrogation claim accrues at the time of injury

and rejecting argument that a claim of subrogation accrues at the time the uninsured

motorist benefits are paid); *Great Am. Ins. Co. v. United States*, 575 F.2d 1031, 1033

(2nd Cir. 1978); *Liberty Am. Ins. Grp. v. U.S. Air Force*, No. 5:08-cv-35, 2008 WL

906848, at *2 (N.D. Fla. 2008).  Accordingly, dismissal is also warranted under Rule

12(b)(6) because any amendment would be futile based on the statute of limitations.

> (2) Equitable tolling is not warranted in this situation.

The doctrine of equitable tolling is an exception to the applicable statute of

limitations and should only be applied in rare and extraordinary circumstances.

Specifically, to be entitled to equitable tolling, a plaintiff must show: (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Kwai Fun Wong*, 135

S.Ct. at 1629.

In this case, no such extraordinary circumstance exists that prevented Plaintiff

from meeting the deadline.  Plaintiff was aware of the motor vehicle accident but

failed to file a timely administrative claim with the Coast Guard.  (*See* Ex. A ¶¶ 3-5).

The complaint also provides no facts to support any assertion that Plaintiff failed to

file a timely administrative claim because of events "that were both beyond their

control and unavoidable even with diligence." *Estate of O'Connor v. United States*, No.

8:12-CV-02070-T-27MA, 2013 WL 1295925, at *7 (M.D. Fla. 2013).  Absent any

factual allegations that warrant the application of equitable tolling, the court should

dismiss.

**IV.    Conclusion**

Based on the foregoing, the United States respectfully requests that the Court

dismiss Plaintiff's complaint as to the United States of America, with prejudice,

because Plaintiff failed to exhaust its administrative remedies prior to filing suit.

**RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned contacted counsel for

Plaintiff, who does not oppose the relief requested.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    *s/ Joseph M. Tompkins*
JOSEPH M. TOMPKINS
Assistant United States Attorney
Florida Bar No. 0112226
400 North Tampa St., Suite 3200
Tampa, FL  33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6198
E-mail:  Joseph.Tompkins@usdoj.gov

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2019, I electronically filed the foregoing **Unopposed Motion to Dismiss and Memorandum of Law** with the Clerk of Court using the CM/ECF system, and further mailed a copy to the following, United States first class postage prepaid:

Bruce H. Schiller, Esq.
Law Office of Yates & Schiller, PA
7900 Glades Rd., Suite 405
Boca Raton, FL 33434

*s/ Joseph M. Tompkins*
JOSEPH M. TOMPKINS
Assistant United States Attorney